## J. W. BOWLING *v.* J. H. MARTIN.

**Appeal—Reversal—Instructions.**

Inconsistent and irreconcilable instructions which tend to confuse and mislead the jury are cause for reversal.

**Partnership—Bound by Contracts and Acts of Partner.**

One partner may bind the partnership by his acts and contracts done in the scope of the partnership trade or business, and for the purposes thereof.

**Partnership—Objects of Business, How Determined.**

Where the partnership business is not specifically set forth in the articles of partnership, or where there are no such articles, a majority of the partners have the right in case of a diversity of opinion as to the objects of the business, to determine the question.

**Partnership—Evidence—Letter.**

A letter written to plaintiff and signed in the firm name of the partnership, was held admissible in evidence with the other facts and circumstances of the case.

**Partnership—Representation by Member of Firm.**

A representation or misrepresentation of a fact in a partnership transaction, by one member of the firm, will bind the firm.

**Appeal—Record—Contents of.**

Failure to give credit on a judgment is not an available error on appeal, where the execution and officer's return showing that $100 of the debt had been made by sale of the property, were copied into the record by the clerk, without having legitimately been before the court or jury.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

December 8, 1872.

OPINION BY JUDGE PETERS:

In this action brought by appellee against appellant and others it is alleged that L. W. Kinchloe, Wm. Rogers, Thomas Campbell, and appellant, partners in the business of mining coal from the mines of said Kinchloe, on Green river, and transporting the same to market, employed appellee to go to Evansville, in Indiana, and purchase two boats or barges and have them towed to said mines to transport their coal from thence to market, that under said engagement he went to Evansville, purchased the boats, and caused them to be delivered at their mines, and in the purchase, repairing and delivering of said boats he had expended $520.35, at their special instance and request, which it seems they had failed to pay him, and he prayed for a judgment for the same.

Appellant alone defended the action, and in his answer denied that he was ever a member of any such firm; denied that he was a member of the firm of Kinchloe & Co. or that he was ever a partner of L. W. Kinchloe, Wm. Rogers, and Campbell or either of them in mining and transportation of coal, or for any other business; denied that he ever engaged appellee to go to Evansville to purchase boats for him, or ever authorized any person or persons to employ him in such business, or any other business.

He says that he was the partner of Wm. Rogers and J. W. Campbell in a warehouse in Bowling Green; that the firm name was Wm. Rogers & Co., and the partnership was formed in 1869 to carry on the business of commission merchants in said warehouse in Bowling Green, but that he never was connected in any way with the mining operations at Kinchloe's mines at Lewisburg, or at any other place; that he did not know whether Rogers and Campbell were partners with Kinchloe or not; but that he was not.

Upon the issue thus made the parties went to trial, and a verdict and judgment having been rendered against Bowling, he has appealed to this court.

The important inquiry presented is whether the court below erred in the instructions given to the jury on motion of appellee, and refusal of the one asked by appellant.

Instruction "No. 1" was evidently intended to embrace two distinct propositions in two paragraphs; but if correctly copied in the record before us, the first paragraph is incomplete, and fails to state any legal proposition; but assuming that it is not correctly copied and should read as follows: "that if the jury believe from the evidence that the defendant John W. Bowling is proven to have been a member of the firm of Wm. Rogers & Co. at the time of the alleged purchase, then the court instructs the jury that the defendant Bowling is bound by the acts and declarations of his partners within the scope of the partnership." By using the words "is bound" after the words "defendant Bowling," it is obvious that this restricted the jury in a manner not authorized by the pleadings. Appellant admitted he was a member of the firm of Rogers & Co., composed of Wm. Rogers, J. W. Campbell and himself, doing a commission business in Bowling Green, but denied that he was a member of the firm, or any firm composed of Kinchloe, Rogers, Campbell and himself, for mining coal and transporting it to market, or any other business, and that was the issue raised by the pleadings; but by the instruction under consideration appellant's liability was made to depend upon a different state of facts.

It is true that Instruction "No. 2," which seems to have been given at the instance of appellant, presented the proposition of law correctly to the jury, but that is not consistent with Instruction "No. 1," and the two being irreconcilable, they tended to confuse and mislead the jury.

The general rule is that one partner can not bind the partnership by his own acts, and contracts done not within the scope of the partnership, trade, and business, and not done for the purposes thereof: Story on Partnerships, Section 122. But where the business of the partnership is not specifically set forth in the articles of partnership, or where there are no such articles, and there is a diversity of opinion as to the objects and business of the partnership, in such cases a majority of the partners would have the right to determine the question and control the business. Ib. Sec. 123.

Instruction "No. 3," as asked, required the assent of all the members of the firm to the proposition of enlarging the business, instead of a majority thereof, and was therefore properly refused.

On the subject of the competency of the letter dated Dec. 4, 1869, signed W. Rogers & Co., and addressed to appellee, we apprehend

it was properly admitted as evidence, in connection with other facts and circumstances. The representation of any fact or misrepresentation of a fact made in partnership transactions by one partner, will bind the firm, and the admission of any fact by one partner material as evidence in a suit, or the acknowledgment of a debt during the continuance of the partnership by one partner, will bind the firm, because by forming the connection of partnership, the partners declare themselves to the world satisfied with the good faith and integrity of each other, and impliedly undertake to be responsible for what they shall respectively do within the scope of the partnership concerns. Ib., Sec. 215.

The execution and officer's return showing that $100 of the debt had been made by a sale of property are copied in the record by the mere will of the clerk, as appears, they certainly form no part of the certified bill of evidence, and do not appear to have been legitimately before the court or jury, and the failure to give the credit was not an available error for that reason.

But for the error and confusion in Instructions "Nos. 1 and 2," as heretofore pointed out, the judgment is reversed and the cause is remanded for a new trial and for further proceedings not inconsistent herewith.

*James, for appellant.*